UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONAS BROWN,<br><br>  Petitioner,<br><br>v.<br><br>ROBERT A. ARIAS, Warden,<br><br>  Respondent. | Case No.: 23-cv-778-BAS-DDL<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>**[Dkt. No. 4]** |

Jonas Brown ("Petitioner") has filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254. Dkt. No. 1. Before the Court is Respondent's Motion to Dismiss the Petition (the "Motion"). Dkt. No. 4. This Report and Recommendation is submitted to the Honorable Cynthia Bashant, United States District Judge, pursuant to 28 U.S.C. § 636 and Civil Local Rule HC.2. For the reasons stated below, the undersigned **RECOMMENDS** the District Court **GRANT** the Motion and dismiss the Petition with prejudice.

## I.

## BACKGROUND

On August 23, 2018, a jury convicted Petitioner of premeditated attempted murder, assault with a semi-automatic firearm, and first-degree murder. Dkt. No. 5-7 at 23; *see also*

Dkt. No. 5-3 at 144-51.  On January 16, 2019, Petitioner was sentenced to a term of 140 years.  Dkt. No. 5-7 at 23-24; Dkt. No. 5-3 at 154-56.  Petitioner admitted a previous robbery conviction that qualified as a prison prior, serious felony prior, and strike prior, and the trial court applied certain enhancements for firearm use and gang activity, resulting in the term of 140 years.  Dkt. No. 5-7 at 23-24; Dkt. No. 5-3 at 153-58.

Petitioner appealed to the California Court of Appeal, asserting the trial court erred by: (1) failing to instruct the jury on the lesser-included offense of voluntary manslaughter; (2) miscalculating his conduct and actual custody credits; (3) adding unauthorized gang enhancements to his sentence; and (4) failing to recognize its discretion regarding the firearm enhancement.  *See* Dkt. No. 5-7 at 3.  On July 31, 2020, the Court of Appeal issued its decision, largely affirming the judgment.[1]

Petitioner sought review by the California Supreme Court, which summarily denied review on October 28, 2020.  *See* Dkt. No. 5-9.

On September 1, 2021, Petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 in this District in a case styled *Brown v. Montgomery* (hereafter "*Brown I*").  *See* S.D. Cal. Case No. 21-cv-1550-L-WVG.  Petitioner raised two federal constitutional bases for relief: (1) that the trial court's failure to award him actual custody credits violated his federal right to due process, and (2) that the trial court's failure to give a voluntary manslaughter instruction violated his federal right to due process. *See generally Brown I*, Dkt. No. 1.  On October 27, 2022, the Honorable M. James Lorenz dismissed Petitioner's petition without prejudice, finding he had failed to exhaust both of his federal constitutional claims.  *See id.*, Dkt. No. 10.  The Court entered judgment and closed the case on the same day.  *See id.*, Dkt. No. 11.

/ / /

/ / /

---

[1]  The Court of Appeal agreed with Petitioner that his "actual custody credits and gang enhancements require[d] correction," but found no other errors.  Dkt. No. 5-7 at 3.

On December 6, 2022, Petitioner filed a petition for habeas corpus in the California Supreme Court.[2] The petition was denied in a one-line order dated March 1, 2023. *See* Dkt. No. 5-11.

On April 16, 2023, Petitioner filed a "First Amended Petition for Writ of Habeas Corpus" in *Brown I*. *See id.*, Dkt. No. 12. Twelve days later, on April 28, 2023, Judge Lorenz denied the amended petition, noting the Court had closed the case and Petitioner had not been granted permission to file an amended petition. *See id.*, Dkt. No. 13.

On April 27, 2023 (the day before Judge Lorenz dismissed the amended petition in *Brown I*), Petitioner initiated the present action by filing the Petition, which states a single claim for federal habeas corpus relief: failure to instruct on a lesser-included offense. *See generally* Dkt. No. 1.

The instant Motion followed. Dkt. No. 4. Respondent contends the Petition is untimely, is procedurally defaulted, and that Petitioner's claims are barred by anti-retroactivity rules. *See generally id.*

## II.

## **LEGAL STANDARDS**

A person in state custody may petition a federal court for his release pursuant to a writ of habeas corpus, which "may issue only on the ground that [the prisoner] is in custody in violation of the Constitution or laws or treaties of the United States." *Shinn v. Ramirez*,

---

[2] At the Court's request, Respondent lodged a copy of Petitioner's petition for habeas corpus in California Supreme Court case no. S277616. *See* Dkt. No. 9. Because the date of filing is not apparent from the face of the document, the Court takes judicial notice of the date Petitioner filed his state habeas corpus petition from the docket at https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2439517&doc_no=S277616&request_token=NiIwLSEmLkg9WzBVSCNNTElIIEA0UDxTJCMuXztSUCAgCg%3D%3D (last visited December 19, 2023). *See* Fed. R. Evid. 201 (permitting the Court to *sua sponte* take notice of a fact that "can be accurately and readily determined" from a reliable source).

596 U.S. 366, 375 (2022) (citing 28 U.S.C. § 2254) (alteration in original).[3] The Antiterrorism and Effective Death Penalty Act ("AEDPA") "establishes a [one]-year limitations period for state prisoners to file for federal habeas relief, which run[s] from the latest of four specified dates." *Gonzalez v. Thaler*, 565 U.S. 134, 148 (2012) (citing 28 U.S.C. § 2244(d)(1)) (alteration in original). These are:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing . . . is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Whether a petition is timely "is a threshold question that [the Court] must decide" before reaching its merits. *See Ford v. Gonzalez*, 683 F.3d 1230, 1238 (9th Cir. 2012).

Habeas petitioners are subject to additional "strict rules" in federal court which "promote federal-state comity," including the requirement that the petitioner exhaust all state court remedies before seeking federal habeas relief. *Shinn*, 596 U.S. at 377, 378. A "corollary to the exhaustion requirement is the doctrine of procedural default," pursuant to which a federal court will "generally decline to hear any federal claim that was not presented to the state courts consistent with the state's own procedural rules." *Id.*

///
///
///

---

[3] All emphasis is added, and citations and internal quotation marks are omitted, unless otherwise noted.

## III.

## DISCUSSION

### A. The Petition Is Untimely

Respondent asserts the Petition is untimely under 28 U.S.C. § 2244(d)(1)(A), and that none of the other sections of the statute apply. *See* Dkt. No. 4-1 at 12. The Court agrees.

Petitioner challenges the judgment entered against him on January 16, 2019. Dkt. 5-3 at 154-156. That judgment became final for purposes of the statute of limitations when his direct state-court appeals were completed and a petition for writ of certiorari from the Supreme Court "bec[a]me time barred or [was] disposed of." *See McMonagle v. Meyer*, 802 F.3d 1093, 1098 (9th Cir. 2015). The Supreme Court has explained that for both federal and state prisoners, "the conclusion of direct review occurs when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari," or, if the prisoner chooses not to seek a writ, when the "time for filing a certiorari petition expires." *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *accord Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (holding that "the period of 'direct review' in 28 U.S.C. § 2244(d)(1) includes the period within which a petitioner can file a petition for a writ of certiorari . . . whether or not the petitioner actually files such a petition.").

Here, Petitioner's direct appeals in state court concluded with the California Supreme Court's denial of his petition for review on October 28, 2020. Dkt. No. 5-9. His opportunity to seek a writ of certiorari – which he did not do – expired 150 days later, on March 27, 2021.[4] The one-year statute of limitations began to run on this date, *see Bowen*,

---

[4] A petition for writ of certiorari must ordinarily be filed within 90 days from the date of the lower court judgment or denial of discretionary review. *See* Sup. Ct. Rule 13. However, on March 19, 2020, the Supreme Court issued an order extending the deadline to file a petition for writ of certiorari "due on or after the date of th[e] order" to 150 days due to the ongoing COVID-19 pandemic. *See* Miscellaneous Order dated March 19, 2020,

188 F.3d at 1159.  The deadline for Petitioner to seek federal habeas review was therefore March 27, 2022.  28 U.S.C. § 2244(d)(1)(A).  The Petition was filed over a year later, on April 27, 2023.  Dkt. No. 1.

Petitioner has not made any showing that any of the other provisions of 28 U.S.C. § 2244(d)(1) govern his Petition, and the Court finds they do not.  Petitioner has not alleged any government-created impediment to timely filing, does not seek relief pursuant to a newly-recognized constitutional right, and concedes that the facts upon which his Petition is based were known to him within the limitations period.  *See* Dkt. No. 7 at 2 (acknowledging that the instant Petition is "the exact same claim" raised in *Brown I*).

Accordingly,  the Court finds that the Petition was not filed within AEDPA's one-year statute of limitations.  Absent relief from the statute of limitations, therefore, the Petition must be dismissed as untimely.

**B.     Neither Relation Back nor Tolling Apply to the Untimely Petition**

Petitioner argues that his Petition is timely because it "relates back" to the petition in *Brown I* (filed September 1, 2021) since it arises out of a "common core of operative facts" which "unit[e] the original and newly asserted claims." Dkt. No. 7 at 2.  The Court, guided by the Ninth Circuit's decision in *Rasberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006), disagrees.

The petitioner in *Rasberry* filed his first habeas petition "well within the limitations period," which was ultimately dismissed for failure to exhaust.  *Id.* at 1152.  After having

---

https://www.supremecourt.gov/orders/ordersofthecourt/19 (last visited December 19, 2023).  The March 20 Miscellaneous Order was not rescinded until July 19, 2021.  *See* Miscellaneous  Order  dated  July  19,  2021,  https://www.supremecourt.gov/ orders/ordersofthecourt/20 (last visited December 19, 2023).  Thus, any petition for a writ of certiorari arising out of Petitioner's January 16, 2019 conviction would have been subject to the 150-day deadline.  By the Court's calculation, 150 days after October 28, 2020 is March 27, 2021.  Respondent states Petitioner's judgment was final on March 31, 2021.  Dkt. No. 4-1 at 12.  This difference of four days does not affect the Court's conclusion that the Petition is untimely.

exhausted his claims in state court and after the statute of limitations expired, Rasberry returned to federal court and filed a "First Amended Petition," which "the clerk of the court did not treat . . . as an amendment of the previously dismissed habeas petition, but instead assigned to it a new case number." *Id.* The second petition was then dismissed as untimely. *Id.* at 1153. Rasberry contended on appeal that his second petition related back to the timely-filed petition. *Id.* at 1154.

The Ninth Circuit rejected Rasberry's argument. The panel explained that although Rule 15 provides "an amended habeas petition may relate back to the date when the original petition was filed," the "relation back doctrine does not apply where the previous habeas petition was dismissed because there is nothing to which the new petition could relate back." *Id.* at 1154-55 (citing Fed. R. Civ. P. 15(c)(2)).[5] The *Rasberry* court then explicitly held that "a habeas petition filed after the district court dismisses a previous petition without prejudice for failure to exhaust state remedies cannot relate back to the original petition." *Id.* Finding that Rasberry's untimely petition did not relate back to his timely-filed one, the court affirmed its dismissal as untimely. *Id.*

The Court finds the same outcome is warranted here, notwithstanding Petitioner's argument that *Rasberry* is "trumped" by the Supreme Court's decision in *Mayle v. Felix*, 545 U.S. 644 (2005). Dkt. No. 7 at 2. The question before the *Mayle* court was whether an amended petition which added a new claim for relief related back to the original petition filed *in the same case* under Rule 15. *Id.* at 648. The Supreme Court's unremarkable conclusion was that, "consistent with the general application of Rule 15(c)(2) in civil cases," Habeas Corpus Rule 2(c)[6] and AEDPA, "[s]o long as the original and amended

---

[5]    All citations to "Rule" refer to the Federal Rules of Civil Procedure. Rule 15 provides, "An amendment to a pleading relates back to the date of the original pleading when . . . (B) the amendment asserts a claim or defense that arose out of the same conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1). This language appeared in Rule 15(c)(2) at the time of the *Rasberry* opinion. *See id.* at 1154.

[6]    *See* Rules Governing Habeas Corpus Cases Under Section 2254.

petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Id.* at 664.

The Petition presently before the Court, however, is not an amended petition but a separately filed "original pleading." *See Mayle*, 545 U.S. at 655 (for purposes of Rule 15, the "original pleading" in a federal habeas proceeding is the petition). Nothing in *Mayle* suggests that Rule 15's relation back provisions to apply in these circumstances – indeed, the *Rasberry* court specifically rejected that interpretation of *Mayle*. *See Rasberry*, 448 F.3d at 1154-55. Furthermore, it is worth noting that the *Mayle* court's concern that construing Rule 15 too broadly would render AEDPA's one-year statute of limitations "of slim significance" would be multiplied if the Court adopted Petitioner's view, which would permit habeas corpus litigants to initiate new proceedings at any point in time so long as there is some factual overlap with a timely-filed claim. *Mayle*, 545 U.S. at 663 (noting it would be "anomalous to allow relation back . . . based on a broader reading [of Rule 15] in federal habeas proceedings than in ordinary civil litigation").

For these reasons, the Court rejects Petitioner's argument that his Petition relates back to the timely filed petition in *Brown I* and finds *Rasberry* controls here. As in *Rasberry*, the *Brown I* petition was timely filed but properly dismissed without prejudice for failure to exhaust. *See Brown I*, Dkt. Nos. 10, 11. As in *Rasberry*, Petitioner "failed in his attempt" to reopen *Brown I*. And as in *Rasberry*, Petitioner "cannot employ Rule 15(c) to relate his second habeas petition back to the first." *Rasberry*, 448 F.3d at 1155; *see also Dils v. Small*, 260 F.3d 984, 986 (9th Cir. 2001) (finding Ninth Circuit precedent "foreclose[d]" the "contention" that an untimely petition related back to a timely one "if the first petition was no longer pending"); *Porteous v. Fisher*, No. 2:15-cv-1817 GEB KJN P, 2016 WL 4208569, at *5 (E.D. Cal. Aug. 10, 2016) (where "petitioner's prior habeas

///
///
///
///

case was properly dismissed, the claims raised in the instant petition cannot relate back to claims raised in his prior petition") (citing *Rasberry*).[7]

The Court further finds that Petitioner cannot salvage his untimely Petition through equitable tolling or the pendency of his state habeas petition. Petitioner "has not pointed to any extraordinary circumstance beyond [his] control that made it impossible for [him] to file her motion within the appropriate time period," as would be necessary for equitable tolling. *U.S. v. Schwartz*, 274 F.3d 1220, 1224 (9th Cir. 2001); *see also Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (recognizing a petitioner "bears the heavy burden" of establishing entitlement to equitable tolling). Although the statute of limitations is tolled during the pendency of a properly-filed application for collateral review in state court, *see* 28 U.S.C. § 224(d)(2), "the filing of collateral proceedings does not delay the date upon which [a petitioner's] conviction became final for the purposes of triggering AEDPA's statute of limitations." *McMonagle*, 802 F.3d at 1098; *see also Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Because the one-year statute of limitations had already lapsed when Petitioner filed his petition for

/ / /

---

[7] Petitioner also contends that the Court should overlook the Petition's untimeliness because it was "improper" for the *Brown I* court to deny him "the right to amend his petition." Dkt. No. 7 at 2. The Court declines to use motion practice in these proceedings to adjudicate Petitioner's charge of error in *Brown I*, which is significantly undermined by the fact that Petitioner initiated this case before Judge Lorenz denied the amended petition in *Brown I*. Moreover, the Court does not agree that Petitioner was "denied" the right to amend. The *Brown I* court dismissed the petition *without prejudice* after finding his federal claims were not exhausted. Petitioner was free to request a stay or stay-and-abeyance before that dismissal, or afterwards to move for leave to file his amended petition or to reopen the case, to move for reconsideration of the April 28, 2023 order denying his amended petition, or to appeal that decision to the Ninth Circuit. He did not do any of those things. *See Libberton v. Ryan*, 583 F.3d 1147, 1161-62 (9th Cir. 2009) (rejecting argument that petition in later case related back to petition in earlier case where earlier petition was dismissed and petitioner had not requested a stay).

23-cv-778-BAS-DDL

habeas corpus in state court on December 6, 2022, the pendency of that petition does not operate to toll the statute of limitations here.

The Court therefore concludes that neither relation back nor tolling ameliorate AEDPA's one-year statute of limitations here. The Petition is untimely.

## C. Procedural Default

As a further basis for dismissal, Respondent contends Petitioner's sole claim is procedurally defaulted because "his direct appeal in state court" was based only on state law and his subsequent attempt to raise a federal constitutional claim on state habeas review was rejected. *See* Dkt. No. 4-1 at 13-14. Where a state court declines to address a habeas petitioner's claims because he "failed to meet a state procedural requirement," that procedural default bars further review in federal court. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991). To find a claim procedurally defaulted, "the last state court rendering a judgment in the case" must "clearly and expressly state that its judgment rests on a state procedural bar." *See Smith v. Oregon Bd. of Parole and Post-Prison Supervision, Superintendent*, 736 F.3d 857, 858 (9th Cir. 2013) (citing *Harris v. Reed*, 489 U.S. 255 (1989)).

Respondent notes that in denying review of Petitioner's December 2022 habeas petition, the California Supreme Court cited *In re Waltreus*, 62 Cal. 2d 218 (1965). *See* Dkt. No. 4-1 at 14; *see also* Dkt. No. 5-11. *Waltreus* holds that where "arguments were rejected on appeal, . . . habeas corpus ordinarily cannot serve as a second appeal." 62 Cal. 2d. at 225. "In context," states Respondent, "a *Waltreus* citation means that a claim raised on appeal 'cannot be renewed in a petition for writ of habeas corpus.'" Dkt. No. 4-1 at 14.

The Court finds the discussion of *Waltreus* and its implications is misplaced, because Respondent does not argue here that the California appellate courts considered but rejected a federal constitutional claim, but that Petitioner failed to raise any such claim on direct review. *Id.* (citing *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999) and *Forrest v. Vasquez*, 75 F.3d 562 (9th Cir. 1996)). There is a "well-established procedural bar that is adequate to bar federal habeas review" in these circumstances pursuant to *In re Dixon*, 41 Cal. 2d 756

(1953). *Johnson v. Lee*, 578 U.S. 605, 612 (2016) (describing *Dixon*'s procedural bar); *see also Dixon*, 41 Cal. 2d at 759 (stating the "general rule" that habeas corpus relief "will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction"). But, the California Supreme Court did not cite *Dixon* in denying Petitioner's state habeas petition. *See* Dkt. No. 5-11. It is not for this Court to speculate whether the California Supreme Court would or did find Petitioner's state habeas petition procedurally barred under *Dixon* – or any other state procedural rule – because that finding is not "clearly and expressly state[d]." *Smith*, 736 F. 3d at 858.

For these reasons and on the record before it, the Court finds Respondent has not carried its burden of demonstrating the existence of a procedural rule of California which bars this Court's review of the Petition. *See Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003) (holding, as a matter of first impression, that the State bears the burden of proof on a claim of procedural default); *Noguera v. Davis*, 5 F.4th 1020, 1055 (9th Cir. 2021) (explaining that "[t]he state has the initial burden of pleading the existence of a state procedural rule," and only after that burden is met is Petitioner required to "assert specific factual allegations that demonstrate the inadequacy of the state procedure" to support the judgment). Accordingly, the Court does not find it necessary to address Petitioner's arguments on the issue of procedural default, which are largely cut and pasted from his Petition and his appeal to the state appellate court and concern the merits of his Petition. *Compare* Dkt. No. 7 at 4-5 *with* Dkt. No. 1 at 14-15 *and* Dkt. No. 5-4 at 33.

As to Petitioner's fleeting request that the Court "issue a Stay and Abeyance order" to allow him to return to state court to "exhaust[s] his appellate counsel's ineffective assistance," Dkt. No. 7 at 6, the Court notes that Petitioner has not pled a Sixth Amendment claim. Thus, to consider Petitioner's request, the Court would need to assess (at a minimum) timeliness, exhaustion, procedural soundness, and appropriateness of a stay or stay-and-abeyance for an as-yet-unpled claim. Given the Court's finding that the Petition is incurably time-barred, the undersigned finds it unnecessary to engage in that speculative analysis. *See Coley v. Ducart*, No. 2:16-CV-1168 AC P, 2017 WL 714304, at *9 (E.D.

Cal. Feb. 23, 2017) (declining to address question of procedural default after finding the petition "must be dismissed as untimely whether or not [the] claims are otherwise barred").

### D.   Non-Retroactivity Under *Teague v. Lane*

As a further alternative grounds for dismissal, Respondent contends the Petition is "barred by anti-retroactivity rules," citing *Teague v. Lane*, 489 U.S. 288 (1989). Dkt. No. 4-1 at 17.   In *Teague*, the Supreme Court held that in collateral proceedings, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Teague*, 489 U.S. at 310.

Respondent contends "[t]o prevail on his instructional claim, [Petitioner] would need a new rule of constitutional law that would require the use of lesser-included offense instructions in state court, but this type of rule is prohibited under [Teague's] anti-retroactivity provisions . . .." Dkt. No. 4-1 at 17.  However, Petitioner has not, either in his Petition or in opposition to the Motion, identified any recent Supreme Court decision that "imposes a new obligation" on trial courts related to lesser-included offense instructions that would implicate retroactivity concerns. *Teague*, 489 U.S. at 301.   The Court finds *Teague* is irrelevant here.

### E.   Certificate of Appealability

A certificate of appealability may issue where a habeas petitioner has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. A certificate of appealability is appropriate "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Murray v. Schirro*, 745 F.3d 984, 1002 (9th Cir. 2014).  Where the court resolves the petition on procedural grounds without reaching the merits,  the petitioner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  This showing is not made, and "no appeal [is] warranted," where "a plain procedural bar is present and the district court is correct to invoke it to dispose of the case." *Id.*

/ / /

For the reasons stated in this Report and Recommendation, the Petition is plainly time-barred under 28 U.S.C. § 2244(d)(1)(A) and does not relate back to *Brown I* under controlling Ninth Circuit authority. The Court accordingly finds that the requisite showing for a certificate of appealability has not been made.

## V.

## CONCLUSION

For the reasons stated above, the Court finds that the Petition is untimely and must be dismissed. Accordingly, the undersigned **RECOMMENDS** that the District Court enter an Order: (1) adopting this Report and Recommendation in its entirety; (2) **GRANTING** the Motion to Dismiss [Dkt. No. 4]; (3) **DISMISSING** the Petition with prejudice; and (4) **DENYING** a certificate of appealability.

**IT IS HEREBY ORDERED** that any objection to this Report and Recommendation must be filed with the Court and served on all parties by **January 8, 2024**. Replies to any objection must be filed with the Court and served on all parties by **January 15, 2024**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: December 20, 2023

_David Leshner_
Hon. David D. Leshner
United States Magistrate Judge