# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONAS BROWN,<br><br>                           Plaintiff,<br><br>     v.<br><br>ROBERTO ARIAS,<br><br>                           Defendant. | Case No. 23-cv-778-BAS-DDL<br><br>**ORDER:**<br>  **(1)** **OVERRULING** Petitioner's Objections (ECF No. 11);<br>  **(2)** **OVERRULING** the State's Objections as Moot (ECF No. 12);<br>  **(3)** Adopting the R&R in Part (ECF No. 10);<br>  **(4)** **GRANTING** the Motion to Dismiss (ECF No. 4); and<br>  **(5)** **DENYING** Petitioner's Request for a Certificate of Appealability (ECF No. 11). |

Petitioner commenced this action to overturn his criminal conviction on the grounds it violates the Fifth, Sixth, and Fourteenth Amendments of the Constitution. (ECF No. 1.) The Court referred this matter to the magistrate judge for a Report & Recommendation ("R&R") in accordance with 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1(c)(1). After Respondent filed a Motion to Dismiss (ECF No. 4), U.S. Magistrate Judge David D. Leshner issued an R&R recommending that this Court grant Respondent's motion. (ECF No. 10.) Parties both filed objections to the R&R. (ECF Nos. 11, 12.)

## I.  BACKGROUND

Petitioner was charged with violent gang activity on two separate occasions: shooting in rival gang territory on February 15, 2016 and murdering a fellow gang member believed to be an informant on July 1, 2016.  A jury convicted him of murder, premeditated attempted murder, and assault with a semi-automatic firearm.  The jury also found true the gang and firearm enhancement allegations.  After conviction, Petitioner admitted a previous robbery conviction that qualified as a prison prior, serious felony prior and strike prior.  The Court sentenced Petitioner to 130 years in custody.

Judgment was entered against Petitioner on January 16, 2019. (ECF No. 5-3 at 154-156.)  His direct appeal of that judgment concluded with the California Supreme Court's denial of his petition for review on October 28, 2020.  (ECF No. 5-9.)  Neither party takes issue with the conclusion in the R&R that, therefore, the statute of limitations for filing a federal habeas petition expired on March 27, 2022.

Petitioner filed his first federal petition for habeas corpus within the statute of limitations on September 1, 2021, in case no. 21-cv-1550-L-WVG (hereinafter, "Case 1"). The Honorable M. James Lorenz dismissed the petition without prejudice, finding Petitioner had failed to exhaust both of his claims in state court.

After Petitioner had exhausted his claims with the California Supreme Court, on April 16, 2023, Petitioner filed a First Amended Petition for writ of habeas corpus again in Case 1. (Case 1, ECF No. 12.)  On April 28, 2023, Judge Lorenz denied the amended petition, noting the Court had closed the case and Petitioner had not been granted permission to file an amended petition. (Case 1, ECF No. 13.)

On April 27, 2023, Petitioner filed the instant petition. (ECF No. 1.)  Respondent moved to dismiss the petition arguing first that it is barred by the statute of limitations, second, that Petitioner's sole claim is procedurally defaulted, and third, that the petition is prohibited by the anti-retroactivity rule. (ECF No. 4.)  When Petitioner failed to respond to the Motion, the Court issued an Order to Show Cause why the Petition should not be

dismissed for failure to oppose the Motion. (ECF No. 6.) Petitioner then filed a Response to the Motion. (ECF No. 7.)

On December 30, 2023, Magistrate Judge Leshner issued a R&R recommending the district court grant the Motion to Dismiss on the statute of limitations ground only. (ECF No. 10.) Petitioner timely objected to the R&R. (ECF No. 11.) Respondent responded, agreeing that the R&R was correct on the statute of limitations issue, but objecting to the remainder of the R&R, reiterating its argument that the claim is procedurally defaulted and barred by the anti-retroactivity rule. (ECF No.12.)

The Court **OVERRULES** Petitioner's Objections and finds the claims are barred by the statute of limitations. (ECF No. 11.) The Court further **APPROVES AND ADOPTS** the R&R **IN PART** (ECF No. 10) and **GRANTS** the Motion to Dismiss (ECF No. 4.) The Court **OVERRULES** Respondent's Objections as moot. (ECF No. 12.)

## II.   LEGAL STANDARD

The Court reviews *de novo* those portions of a Magistrate Judge's R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. "The statute [28 U.S.C. § 636(b)(1)(c)] makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made, but not otherwise.*" *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121.

Objections must be written and specific. *See, e.g.*, Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations" of the magistrate judge.) "Numerous courts have held that a general objection to the entirety of a Magistrate Judge's R&R has the same effect as a failure to

object." *Alcantara v. McEwen*, No. 12-CV-401-IEG DHB, 2013 WL 4517861, at *1 (S.D. Cal. Aug. 15, 2013). In the absence of specific objection, the clear weight of authority indicates that the court need only satisfy itself that there is no "clear error" on the face of the record before adopting the magistrate judge's recommendation. *See, e.g.*, Fed. R. Civ. P. 72(b) Advisory Comm. Notes (1983) (citing *Campbell v. U.S. Dist. Ct. for N. Dist. of California*, 501 F.2d 196, 206 (9th Cir. 1974)).

## III. ANALYSIS

Petitioner objects to the R&R on three grounds: (1) the instant habeas petition should "relate back" to the dismissed petition in Case 1 because the Ninth Circuit opinion in *Rasberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006), is "trumped" by the Supreme Court decision in *Mayle v. Felix*, 545 U.S. 644 (2005); (2) the district court must provide habeas litigants the opportunity to amend per *Anthony v. Cambra*, 236 F.3d 568 (9th Cir. 2000); and (3) if dismissed, a certificate of appealability must issue because reasonable jurists could disagree on the ruling. The Court addresses each objection in turn below.

### A. *Mayle* Trumps *Rasberry*

In essence, Petitioner argues, as he did before the Magistrate Judge, that *Rasberry*, decided in 2006, was simply wrongly decided, because it ignores the Supreme Court's 2005 decision in *Mayle*.

In *Rasberry*, just like this case, the court dismissed the first habeas petition for failure to exhaust administrative remedies. After exhaustion, the petitioner returned and filed a "First Amended Petition," which the Clerk of Court construed as a new habeas petition. The petitioner argued that the First Amended Petition related back to the timely filed first petition pursuant to the Federal Rules of Civil Procedure 15(c). The court ruled "that a habeas petition filed after the district court dismisses a previous petition without prejudice for failure to exhaust state remedies cannot relate back to the original habeas petition." *Id.* at 1154.

The ruling in *Rasberry* is squarely on point with this case. Petitioner does not argue otherwise. Instead, he claims that an earlier-decided Supreme Court case, *Mayle v. Felix*,

"trumps" the *Rasberry* case. In other words, somehow the Court in *Rasberry* missed the *Mayle* decision and thus *Rasberry* was wrongly decided.

*Mayle*, however, did not involve a dismissed petition such as the one in this case and in *Rasberry*. *Mayle* involved a still-pending habeas petition and an amendment filed after the statute of limitations had expired, adding a new claim for relief. In that context, the Supreme Court ruled that the amended petition does relate back to the date of the original pleading when the amended pleading arose out of the same conduct, transaction, or occurrence as that in the original pleading. However, *Mayle* says nothing about relation back when the first petition has been dismissed and is no longer pending before the Court.

Thus, the Court agrees with the R&R that "nothing in *Mayle* suggests that Rule 15's relation back provisions apply in these circumstances—indeed, the *Rasberry* court specifically rejected that interpretation of *Mayle*." Petitioner's objection on this ground is overruled.

### B. *Anthony* Requires the District Judge to Allow Petitioner to Amend

Petitioner argues that Judge Lorenz's dismissal of the First Amended Petition in April 2023 was error. According to Petitioner, if Judge Lorenz had allowed an amended petition in Case 1, then it could have been related back to the original petition as was done in *Anthony v. Cambra*, 236 F.3d 568 (9th Cir. 2000).

In *Anthony v. Cambra*, the court dismissed a timely filed habeas petition containing both exhausted and unexhausted claims. The court erroneously failed to give the petitioner the opportunity to amend or resubmit the petition with only the exhausted claims. *See Rose v. Lundy*, 455 U.S. 509 (1982) (holding that district courts faced with a petition containing both exhausted and unexhausted claims should give the petitioner an opportunity to delete the unexhausted claims as an alternative to suffering dismissal). When the petitioner later refiled a single exhausted claim and requested stay pending exhaustion of the others, the court granted the motion. The Court of Appeals concluded outright dismissal of the first petition was improper since district courts must provide habeas litigants the opportunity to amend their mixed petitions by striking unexhausted claims, and, since the initial dismissal

was improper, the district court properly exercised its equitable powers by allowing the amended petition to relate back. As explained in *Rasberry*, *Anthony v. Cambra* "does not stand for the proposition that a second habeas petition can relate back to a previously dismissed first petition, but merely endorsed the district court's exercise of its equitable power to correct a mistake. *Anthony* does not extend beyond that context." *Rasberry*, 448 F.3d at 1154.

In this case, Judge Lorenz found that all of Petitioner's claims were unexhausted. Thus, unlike *Anthony*, there was no rule mandating he allow Petitioner to proceed with any exhausted claims.

Nor do district judges have the obligation to warn petitioners that their federal claims might be time-barred without a stay. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). There is a procedure whereby a petitioner can stay and abey a habeas petition. *Rhines v. Weber*, 544 U.S. 269 (2005); *see also Mena v. Long*, 813 F.3d 907 (9th Cir. 2016) (the procedure outlined in *Rhines* is not limited to mixed petitions and the district court may stay a petition that raises only exhausted claims). However, the Ninth Circuit has held, when a petitioner never requested a stay, and, thus, the district court never denied one, *Rhines* "cannot be read to convert the district judge's dismissal . . . into a stay and abeyance." *Libberton v. Ryan*, 583 F.3d 1147, 1162 (9th Cir. 2009).

In this case, like the petitioner in *Libberton*, Petitioner never asked for a stay. Thus, the district court never ruled on a motion for a stay and abeyance under *Rhines*. When Petitioner later attempted to file an amended petition, and Judge Lorenz dismissed the petition, again, Petitioner never argued that the original case should have been stayed or that the equitable powers exercised in *Anthony* should have been applied. Thus, the court never evaluated whether this case was appropriate for a *Rhines* stay and abeyance. Nor did Petitioner appeal from the district court's dismissal of the petition in April 2023. Instead, he filed this new petition.

Nothing in *Anthony* requires the court to grant a stay when it was not done or requested in the previous case. *Rasberry* makes clear that nothing in *Anthony* requires this Court to relate back this petition to a petition dismissed in another case.

### C. Certificate of Appealability Must Issue

A district court should issue a certificate of appealability when the petitioner demonstrates "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner argues this is such a case.

The Ninth Circuit has clearly ruled "a habeas petition filed after the district court dismisses a previous petition without prejudice for failure to exhaust state remedies cannot relate back to the original habeas petition." *Rasberry*, 448 F.3d at 1155  No request was ever made to the first court to exercise its equitable powers by allowing the amended petition to relate back, thus *Anthony v. Cambra* is inapplicable. Given the clear state of the law, there are no grounds for a certificate of appealability to issue.

### IV. CONCLUSION

For the reasons stated above, this Court **OVERRULES** Petitioner's objections. (ECF No. 11.) Although the State also objects to the R&R to the extent it rejects arguments that the claims have been procedurally defaulted and that the claims implicate the anti-retroactivity rule espoused in *Teague v. Lane*, 489 U.S. 288 (1989), the Court need not reach those objections since it finds the claims are time-barred and should be dismissed on that basis. Thus, the Court **OVERRULES** the Respondent's objections as moot. (ECF No. 12). The Court **APPROVES AND ADOPTS** the R&R **IN PART** only with respect to its ruling that the claims are time-barred, and declines to adopt the parts of the R&R dealing with procedural default and anti-retroactivity. (ECF No. 12.) The Court dismisses

\\

\\

the Petition as time-barred and directs the Clerk to close the case.  The Court **DENIES** Petitioner's request for a certificate of appealability.  (ECF No. 11.)

      **IT IS SO ORDERED.**

**DATED: January 16, 2024**

Hon. Cynthia Bashant
United States District Judge